MICHAEL J. MESSINA   SB#92415
WOODS & MESSINA
550 West "C" Street, Suite 1670
San Diego, California  92101
Tel:    (619) 232-1914
Fax:    (619) 237-8898
E-mail:  wm4law@yahoo.com

Attorney for Defendant
JESSICA KING

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE LARRY A. BURNS)

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | CASE NO.:   08CR0274 (3) - LAB |
| | ) | |
| Plaintiff, | ) | NOTICE OF MOTION AND MOTION TO: |
| | ) | |
| v. | ) | (1)  SEVER DEFENDANT |
| | ) | (2)  DISMISS THE INDICTMENT AGAINST THIS DEFENDANT; AND |
| **JESSICA KING,** | ) | |
| | ) | |
| Defendant. | ) | (3)  GRANT LEAVE TO FILE FURTHER MOTIONS |
| | ) | |
| | ) | Date:    September 29, 2008 |
| | ) | Time:    2:00 p.m. |

**TO:   KAREN HEWITT, UNITED STATES ATTORNEY AND CHRISTOPHER, TENORIO, ASSISTANT UNITED STATES ATTORNEY, SOUTHERN DISTRICT OF CALIFORNIA**

   **PLEASE TAKE NOTICE** that on September 29, 2008 at 2:00 p.m, or soon thereafter as counsel may be heard, Defendant JESSICA KING, through her attorney, MICHAEL J. MESSINA, will move this Honorable Court to sever her case from that of the remaining defendants and dismiss the Indictment.

---

NOTICE OF MOTION AND MOTION TO  (1) SEVER DEFENDANT
(2) DISMISS THE INDICTMENT AGAINST THIS DEFENDANT;
AND (3) GRANT LEAVE TO FILE
FURTHER MOTIONS

Case No. 08CR-20274(3)-LAB

The Defendant JESSICA KING, by and through her attorney, MICHAEL J. MESSINA, pursuant to the United States Constitution, the Federal Rules of Criminal Procedure and all other applicable statutes, case law and local rules hereby moves this Court for an order to:

1. Sever Ms. KING'S case from the remaining defendants;
2. Dismiss the Indictment against Ms. King; and
3. Grant leave to file further motions.

Respectfully submitted,

Dated: September 8, 2008   /S/   MICHAEL J. MESSINA
MICHAEL J. MESSINA
Attorney for Defendant
JESSICA KING

**NOTICE OF MOTION AND MOTION TO (1) SEVER DEFENDANT (2) DISMISS THE INDICTMENT AGAINST THIS DEFENDANT; AND (3) GRANT LEAVE TO FILE FURTHER MOTIONS**

Case No. 08CR-20274(3)-LAB

**MICHAEL J. MESSINA (SB# 92415)**
**WOODS & MESSINA**
550 West "C" Street, Suite 1670
San Diego, CA 92101
Tel. (619) 232-1914
Fax (619) 237-8898

Attorney for Defendant
**JESSICA KING**

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

### (HON. LARRY A. BURNS)

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No.:   08CR0274 (3) - LAB |
| Plaintiff, | **STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO:** |
| vs. | |
| **JESSICA KING**, | **(1)   SEVER DEFENDANT;** |
| Defendant. | **(2)   DISMISS THE INDICTMENT AGAINST THE DEFENDANT;  AND** |
| | **(3)   GRANT LEAVE TO FILE FURTHER MOTIONS** |
| | |
| | Date:   September 29, 2008 |
| | Time:   2:00 p.m. |

## I.

## STATEMENT OF FACTS

Based upon the discovery provided to the defense by the Government, to date, the facts of Ms. KING's involvement in this alleged conspiracy are as follows:

Statement of Facts and Memorandum of Points and
Authorities in Support of Motion to:  (1) Sever Defendant;
(2) Dismiss the Indictment against the Defendant; and
(3) Grant Leave to File further Motions

Case No. 08CR0274 (3) - LAB

1

She has known Mr. JORDAN ARNOLD since high school and they have been friends ever since. She was a prostitute in Las Vegas and returned home and stayed with Mr. ARNOLD at his place of residence. Mr. ARNOLD was never Ms. KING's pimp and she never gave any proceeds from prostitution to Mr. ARNOLD. Ms. KING was present when both ASHLEY and LILLY were present with Mr. ARNOLD at his place of residence. However, Ms. KING immediately left the residence when she suspected that LILLY and ASHLEY were too young and may be involved in prostitution activities for and on behalf of Mr. ARNOLD. The exact length of time that Ms. KING had any association or contact with either Mr. ARNOLD or so-called victims in this case was, at the most, three weeks. Ms. KING never had any contact whatsoever with the other co-defendant, CHRISTOPHER BLACK.

## II.

## POINTS AND AUTHORITIES

### A. MOTION TO SEVER DEFENDANTS.

"[T]wo or more defendants may be charged in the same indictment or if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Rule 8(b). Joint trials are preferred because "they promote efficiency and 'serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.' " Zafiro v. United States, 506 U.S. 534, 537 (1993), quoting, Richardson v. Marsh, 481 U.S. 200, 209-210 (1987); see also, Opper v. United States, 348 U.S. 84, 95 (1954).

/ / / / /

/ / / / /

Statement of Facts and Memorandum of Points and Authorities in Support of Motion to: (1) Sever Defendant; (2) Dismiss the Indictment against the Defendant; and (3) Grant Leave to File further Motions

Case No. 08CR0274 (3) - LAB

2

However, Rule 14 recognizes that though joinder may be proper under Rule 8(b), circumstances may require severance because joinder will prejudice either a defendant or the prosecution.  Rule 14 provides: "If it appears that a defendant or the government is prejudiced by a joinder of . . . defendants . . . for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires." Zafiro v. United States, supra, 506 U.S. at 538.

Severance should be granted "if there is a serious risk that a joint trial would compromise a specific trial right of one o the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Ibid.*

The United States Supreme Court provided examples where the risk can occur. "Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a co-defendant. For example, evidence of a co-defendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty." *Id* at 539.  Conversely, a defendant might suffer prejudice if essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial.  See, e.g., Tifford v. Wainwright, 588 F. 2d 954 (5th Cir. 1979) (per curiam).

Prejudice may also occur if a joint trial is likely to "compromise a specific trial right of one of the defendants." Zafiro v. United States, supra, 506 U.S. at 539.  "Evidence that is probative of a defendant's guilty but technically admissible only against a co-defendant also might present a risk of prejudice." *Id.,* citing Bruton v. United States, 391 U.S. 123 (1968).

/ / / / /

Statement of Facts and Memorandum of Points and Authorities in Support of Motion to:  (1) Sever Defendant; (2) Dismiss the Indictment against the Defendant; and (3) Grant Leave to File further Motions

Case No. 08CR0274 (3) - LAB

3

It may also occur when "many defendants are tried together in a complex case and they have markedly different degrees of culpability," those with lesser culpability can be prejudiced by joinder. Zafiro v. United States, supra, at 539, citing, Kotteakos v. United States, 328 U.S. 750, 774-775(1946).

A decision to sever multiple co-defendants cases remains within the trial court's discretion. See United States v. Doe, 655 Fed. 2d. 920, 926, (9th Cir. 1981), United States v. Seifert, 648 Fed. 2d 557, 563 (9th Cir. 1980). To warrant the issuance of a severance, defendant must demonstrate that a joint trial is so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the exercise of the Court's discretion to sever.

Here, the potential for prejudice far outweighs any concerns for judicial economy, and a failure to grant severance would significantly abridge defendant's right to a fair trial.

A joint trial would greatly prejudice Ms. KING for several reasons. First, she would be denied access to obtain exculpatory testimony from her co-defendant, Mr. ARNOLD whom she would be able to call to testify at a separate trial. Second, Ms. KING's participation in the actions of Mr. BLACK and MR. ARNOLD was minimal at best. She only had a three week time period in which she was aware of any wrongdoing that Mr. ARNOLD was participating in and she had no participation in the recruitment, inducement or training of minors for sexual purposes. Finally, if tried together with the co-defendants, the jury may wrongfully find Ms. KING guilty by association impinging her due process rights.

/ / / / /

/ / / / /

/ / / / /

Statement of Facts and Memorandum of Points and Authorities in Support of Motion to: (1) Sever Defendant; (2) Dismiss the Indictment against the Defendant; and (3) Grant Leave to File further Motions

Case No. 08CR0274 (3) - LAB

4

B.  **SIXTH AMENDMENT CONFRONTATION AND
CROSS-EXAMINATION RIGHTS COMPEL SEVERANCE
IN THIS CASE**.

The Sixth Amendment guarantees the accused the rights to confront and to cross-examine witnesses against her. Lily v. Virginia, 527 U.S. 116, 123-24 (1999); Bruton v. United States, 391 U.S. 123, 126 (1968). Here co-defendant ARNOLD has indicated his willingness to exonerate co-defendant MORAIRA and would do so in a separate trial. Should the defendants remain unsevered, it would not be possible for co-defendant ARNOLD to exonerate co-defendant KING. Therefore, in order to comply with the defendant's Sixth Amendment right, the Court should sever her from co-defendant ARNOLD.

C.  **WITHOUT SEVERANCE, THE DEFENDANTS WILL OFFER
MUTUALLY EXCLUSIVE DEFENSES**

Severance may be granted where the defendant "[shows] that the core of the co-defendant's defense is so irreconcilable with the core of his own defense that the acceptance of the co-defendant's theory by the jury precludes acquittal of the defendant." United States v. Throckmorton, 87 F. 3d 1069, 1072 (9th Cir. 1996).

The Ninth Circuit has recognized that "'[t]he prototypical example is a trial in which each of two defendants claims innocence, seeking to prove instead that the other committed the crime.'" United States v. Tootick, 952 F. 2d 1078, 1081 (9th Cir. 1991) (citing United States v. Holcomb, 797 F. 2d 1320, 1324 (5th Cir. 1986)). Mutual exclusivity also may exist when "only one defendant accuses the other, and the other denies any involvement." Tootick, 952 F. 2d at 1081 (citing United States v. Romanello, 726 F. 2d 173, 177 (5th Cir. 1984)). See also United States v. Mayfield, 189 F. 3d 895, 899-900 (9th Cir. 1999). For

Statement of Facts and Memorandum of Points and                                    Case No. 08CR0274 (3) - LAB
Authorities in Support of Motion to: (1) Sever Defendant;
(2) Dismiss the Indictment against the Defendant; and
(3) Grant Leave to File further Motions

example, in Tootick, co-defendants Mr. Tootick and Mr. Frank each claimed that the other acted alone in stabbing Mr. Hart, the victim. Tootick, 952, F. 2d at 1081. There was no dispute that all three men were present at the scene, and that Mr. Hart did not injure himself. Id. Mr. Frank testified that he watched in horror as Mr. Tootick stabbed Mr. Hart. Id. Mr. Tootick, who did not testify, presented a defense that he passed out or was asleep throughout the episode. Id. Thus, their defenses contradicted each other such that "the acquittal of one [necessitated] the conviction of the other." Id. The joint trial resulted in substantial prejudice to both defendants because their mutually exclusive defenses prevented the jury from determining the "guilt or innocence of each defendant in an individual and independent basis." Id. at 1082. The Ninth Circuit held that the District Court abused its discretion in refusing to sever, and reversed both defendants' convictions.

      Here severance of Ms. KING's case from a joint trial is appropriate. Mr. ARNOLD and Mr. BLACK's defenses will likely be at direct odds with Ms. KING and, from the reading of the discovery provided by the Government, their involvement and participation in the recruitment, inducement and financial gain of the minors for sexual exploitation was much more lengthy and substantial than Ms. KING's. As indicated, previously, Ms. KING never received any financial benefit from any of the so-called victims in this case and she withdrew from this conspiracy immediately upon suspecting that both ASHLEY and LILLY were too young to participate in sexual activity.

/ / / / /

/ / / / /

/ / / / /

Statement of Facts and Memorandum of Points and Authorities in Support of Motion to: (1) Sever Defendant; (2) Dismiss the Indictment against the Defendant; and (3) Grant Leave to File further Motions

Case No. 08CR0274 (3) - LAB

6

### D. WITHOUT SEVERANCE, THE JURY MAY FIND MS. KING GUILTY BY ASSOCIATION, IMPINGING ON HER DUE PROCESS RIGHTS.

It is important to note that "[n]either mere association and activity with a co-conspirator nor even knowledge of the conspiracy's existence . . . meets the standards [required] to link a defendant to the conspiracy charge." United States v. Peterson, 549 F. 2d 654, 658 (9th Cir. 1977). "Mere association and activity with a co-conspirator does not meet the test." United States v. Basurto, 497 F. 2d 781, 793 (9th Cir. 1974) (citation omitted). A jury ordinarily experiences great difficulty in following admonishing instructions and in keeping separate evidence that is relevant only to co-defendants. In most cases,

> [a] co-defendant in a conspiracy trial occupies an uneasy seat. There generally will be evidence of wrongdoing by somebody. It is difficult for the individual to make his own case stand on its own merits in the mind of jurors who are ready to believe that birds of a feather are flocked together.

Krulewitch v. United States, 336 U.S. 440, 454 (1949) (Jackson J., concurring). If a jury cannot compartmentalize the evidence that pertains to each defendant, the trial court runs the risk of allowing a conviction based upon a defendant's association with incriminating evidence alone.

The jury cannot reasonably be expected to compartmentalize the evidence as it relates to Ms. KING alone. Cf. United States v. DeRosa, 670 F. 2d 889, 898-99 (9th Cir. 1982) (noting that highly limited implicit connections between co-defendants may allow the jury to "easily compartmentalize the evidence"). Since Ms. KING will likely be prejudiced by evidence admissible only against her co-defendants, her rights can only be protected by severance of both co-defendants.

/ / / / /

Statement of Facts and Memorandum of Points and Authorities in Support of Motion to: (1) Sever Defendant; (2) Dismiss the Indictment against the Defendant; and (3) Grant Leave to File further Motions

Case No. 08CR0274 (3) - LAB

**III.**

**MOTION TO DISMISS THE INDICTMENT**

**A.     THE INDICTMENT SHOULD BE DISMISSED BECAUSE IT IS DUPLICITOUS**.

An indictment which alleges more than one conspiracy in a single count is duplicitous and should be dismissed.  United States v. Gordon, 844 Fed. 2d 1397 (9th Cir. 1988). Multiple charges may be joined in the same indictment but indictments charging two or more distinct offenses in a single count are duplicitous.  United States v. Goldberg, 913 Fed. Supp. 629 (1966).  Duplicity is improper because it creates uncertainty as to the exact nature of the charge the defendant faces and may confuse the jury as to the elements of each offense. United States v. Cooper, 966 Fed. 2d, 936, 939 (5th Cir. 1992).

Duplicitous counts create due process concerns.  The main problem with duplicitous counts is that the jury may convict without unanimously agreeing on the offense committed by the defendant.  United States v. Karam, 37 Fed. 3rd, 1280 (8th Cir. 1994).  Other due process considerations include assuring the defendant adequate notice of the charges, providing an appropriate basis for sentencing and protecting against double jeopardy.  Finally, duplicity may also give rise to problems regarding the admissibility of evidence including its admissibility against one or more co-defendants.  United States v. UCO Oil Company, 546 Fed. 2d 833 (9th Cir. 1976). Here the indictment creates multiple acts of enticing, recruiting, enlisting and soliciting minors for purposes of sexual solicitation.  The defendants allegedly conspired to recruit and instruct juveniles how to solicit prostitution customers.  The conspiracy alleged in Count 1, involved multiple victims and numerous prostitution customers.  Essentially, Count 1 is

Statement of Facts and Memorandum of Points and                                                                              Case No. 08CR0274 (3) - LAB
Authorities in Support of Motion to:  (1) Sever Defendant;
(2) Dismiss the Indictment against the Defendant; and
(3) Grant Leave to File further Motions

several conspiracies involving co-defendants, JORDAN ARNOLD and CHRISTOPHER BLACK. Their actions and involvement with the minor juveniles for purposes of solicitation of prostitution was over a substantial period of time. It involved multiple prostitution encounters and multiple arrangements for the juveniles to meet and have sex arranged by the co-defendants, ARNOLD and BLACK. Co-defendant, JESSICA KING, was only associated with ARNOLD from August 15, 2007 until September 1, 2007, when she left his association and has no further contact or involvement with either Mr. ARNOLD or Mr. BLACK. Furthermore, all counts in the indictment which allege conspiracy by Ms. KING with the co-defendants involve multiple offenses in one conspiracy. This creates the duplicitous indictment and it should be dismissed as to co-defendant, JESSICA KING.

**B.    THE INDICTMENT SHOULD BE DISMISSED FOR INSUFFICIENCY.**

Conspiracy is an incoherent crime, the boundaries of which are vague. In order to survive constitutional challenge, courts have concluded that the conspiracy must be defined by the terms of an essential agreement between and among the co-conspirators. Defendants must have the basic intent to agree and the more traditional intent to effectuate the object of the conspiracy. United States v. Gypsum Company, 438 U.S. 422 (1978). And the crime requires a meeting of the minds among co-conspirators. United States v. Melchor-Lopez, 627 F. 2d, 886 (9th Cir. 1980).

Rule 7(c)(1) of the Federal Rules of Criminal Procedure mandates that:

"The indictment or information shall be a plain, concise and
 definite written statement of the essential facts constituting
 the offense charged."

/ / / / /

Statement of Facts and Memorandum of Points and                                    Case No. 08CR0274 (3) - LAB
Authorities in Support of Motion to: (1) Sever Defendant;
(2) Dismiss the Indictment against the Defendant; and
(3) Grant Leave to File further Motions

9

This rule protects the defendant's Fifth and Sixth Amendment rights in that it enables the defendant to prepare his defense, adequately, and to plead double jeopardy against a second prosecution and it insures that the defendant is prosecuted on the basis of facts presented to the Grand Jury.  In this case, the conspiracy counts provide no factual statements which would form the basis of any conspiracial agreement and provide no information regarding the facts which the government tends to prove as the overt act committed by this defendant.  The subsequent counts are likewise inadequate alleging mostly actions done by the co-defendants, ARNOLD and BLACK, and limiting the participation of co-defendant KING to approximately three weeks.  At that time she unilaterally and unequivocally withdrew from an association or conspiratal agreement with the other co-defendants.  It is completely unknown at this stage whether the Grand Jury was ever presented with any facts outlining the extent of the charges as they applied to Ms. KING, whether she entered into any agreement of any kind with the alleged conspirators or committed any of the overt acts that are detailed in the indictment.  Without proper safeguards the defendant's Fifth and Sixth Amendments rights are in jeopardy and she respectfully requests that the charges be dismissed.

## IV.

### COUNSEL REQUESTS LEAVE TO FILE FURTHER MOTIONS

Counsel anticipates filing in limine motions in compliance with the Court's standing orders.  However, if other motions become necessary, as the result of other issues arising between now and then, counsel respectfully requests permission to address those issues through filing of additional motions as required.

/ / / / /

Statement of Facts and Memorandum of Points and Authorities in Support of Motion to:  (1) Sever Defendant; (2) Dismiss the Indictment against the Defendant; and (3) Grant Leave to File further Motions

Case No. 08CR0274 (3) - LAB

10

## V.

## **CONCLUSION**

Based on all statements, factors and legal points articulated in the document herein, Defendant JESSICA KING, respectfully submits that the motion to sever defendant, Dismiss the Indictment as Inappropriate Charges against the defendant and Grant Leave to File Further Motions be granted in her favor.

                                              Respectfully submitted,

Dated: September 8, 2008        S/   MICHAEL J. MESSINA
                                          MICHAEL J. MESSINA
                                          Attorney for Defendant
                                          JESSICA KING

Statement of Facts and Memorandum of Points and          Case No. 08CR0274 (3) - LAB
Authorities in Support of Motion to:  (1) Sever Defendant;
(2) Dismiss the Indictment against the Defendant; and
(3) Grant Leave to File further Motions

11

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 08CR0274-03-LAB |
| ) | |
| Plaintiff, ) | |
| ) | **CERTIFICATE OF SERVICE** |
| vs. ) | |
| ) | |
| JESSICA KING, ) | |
| ) | |
| Defendant. ) | |
| ) | |

I am employed in the County of San Diego, State of California. I am over the age of 18 years, and not a party to the within action. My business address is:

550 West "C" Street, Suite 1670
San Diego, CA 92101

On September 8, 2008, I served the foregoing document described below as:

    NOTICE OF MOTION AND MOTIONS TO:  (1) SEVER DEFENDANT;
    (2) DISMISS THE INDICTMENT AGAINST THE DEFENDANT; AND
    (3) GRANT LEAVE TO FILE FURTHER MOTIONS

    STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND
    AUTHORITIES IN SUPPORT OF MOTION TO: (1) SEVER DEFENDANT;
    (2) DISMISS THE INDICTMENT AGAINST THE DEFENDANT; AND
    (3) GRANT LEAVE TO FILE FURTHER MOTIONS

By the following method:

(  )  **BY MAIL**
    By mailing (by first class mail, post prepaid) copies to all parties by delivering a true copy thereof enclosed in a sealed envelope to a representative of the U.S. Post Office.

(  )  **BY FACSIMILE AND MAIL**
    I declare that I served the above named documents by faxing the documents during usual office hours and thereafter mailing (by first class mail, post prepaid) copies to all parties by delivering a true copy thereof enclosed in a sealed envelope to a representative of the U.S. Post Office.
    The fax number I used (sent to) is listed below and the facsimile machine I used reported no error.

( )  **BY PERSONAL SERVICE**   I placed a true copy of the above documents in a sealed envelope clearly labeled to identify the attorney for the party being served, and personally delivered by hand leaving a copy with the receptionist or other person in charge at the office of each address named below.
        Received in their stead: _____ at:

( X )  CM/ECF

   Electronic filing with the Office of the Clerk, United States District Court, Southern District of California

   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   Executed on September 8, 2008, at San Diego, California.

                                        /S/        MICHAEL J. MESSINA